UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SULLIVAN,<br><br>                Plaintiff,<br><br>      v.<br><br>JOHN E. POTTER, et al.,<br><br>                Defendants. | Civil Action 05-00818 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Samuel Sullivan brings this action against John E. Potter, the Postmaster General of the United States Postal Service ("USPS") for breach of the collective bargaining agreement entered into between USPS and American Postal Workers Union, AFL-CIO ("APWU"). His suit also includes claims against James Burrus, President of the APWU, and Patricia Johnson, President of the APWU local affiliate, the Nation's Capital Southern Maryland Area Local ("the Local Union"), for breach of their duty of fair representation. Sullivan alleges that he was forced to perform work outside the jurisdiction of his collective bargaining unit and has been improperly issued an Emergency Placement.

Before the court are defendants' motions to dismiss or, in the alternative, for summary judgment, and a number of motions filed by Sullivan. Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that the defendants' motions must be granted and Sullivan's motions must be denied.

## I.  BACKGROUND

Since September 13, 1997,  Sullivan has worked as a Motor Vehicle Operator for USPS at the Curseen-Morris (formerly Brentwood) Processing and Distribution Center in Washington, D.C.  Motor Vehicle Operators, such as Sullivan, are part of a collective bargaining unit between USPS and APWU and are responsible for the pick-up and delivery of mail, including registered mail,[1] between the processing plants and post offices.

The Local Union filed a class action grievance in February 2002 on behalf of the District of Columbia Motor Vehicle Operators, challenging the requirement that they be responsible for transporting registered mail, particularly registered mail containing items of high monetary value such as daily receipts and remittances from the postal stations.[2]  By transporting such items of value, the Motor Vehicle Operators have assertedly been exposed to danger.  The grievance sought additional compensation for performing such dangerous work and alleged that USPS's practice of requiring the Motor Vehicle Operators to transport postal station receipts violated the collective bargaining agreement.  The grievance is currently being arbitrated.

In November 2004, Sullivan was placed on Emergency Placement, a non-pay, non-duty status.  William Simpson, Jr., the Transportation Network Coordinator for the Southern Maryland Transportation Center, states that this placement was the result of his having caught Sullivan attempting to purchase a lottery ticket at a liquor store when he was suppose to be at

---

[1]  Registered mail is a service whereby USPS monitors the movement and maintains a written chain of custody of certain mail from the point of acceptance by USPS to the point of delivery.  Registered mail is transported in locked mail pouches that are identifiable by serial number appearing on the lock.  USPS's Mot., Ex. B, at 2.

[2]  USPS uses registered mail to transport its stamp stock, cash, and other receipts between its processing and distribution centers and its post offices.  USPS's Mot., Ex. B, at 2.

work.[3] Sullivan claims that he was placed on Emergency Placement "under a ruse" because he questioned USPS's "scheme" of requiring Motor Vehicle Workers to transport registered mail and because he criticized "APWU's effectiveness as a labor organization." Am. Compl. ¶ 22, at p.16.

In this action, Sullivan makes, and his claims are grounded upon, many of the same allegations that underlie the class action grievance currently pending arbitration. Specifically, Sullivan alleges that his responsibilities with regard to the pick-up and delivery of registered mail fall outside his job description as a Motor Vehicle Operator. He contends that, by transporting mail of high monetary value, he was actually performing the duties of a Security Guard. Therefore, Sullivan asserts that USPS should be required to pay him according to the pay scale for Postal Security Guards. Sullivan also alleges that USPS improperly "impos[ed] sever [sic] sanctions upon Mr. Samuel Sullivan" by placing him on Emergency Placement, "without substantial evidence," Am. Compl. ¶ 1(c), p.17, and that Burrus and Johnson breached their duty of fair representation by condoning USPS's practice of requiring Motor Vehicle Operators to transport registered mail and by allowing USPS to place him on Emergency Placement.

## II. DISCUSSION

**A. Union Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment**

In their motion to dismiss or, in the alternative, for summary judgment, APWU, the Local

---

[3] After USPS and the Union Defendants filed their initial dispositive motions, the court granted Sullivan's motion to amend his complaint. After Sullivan's Amended Complaint was docketed, USPS filed a renewed dispositive motion, which simply referred the court to its original motion. As such, all citations in this memorandum opinion are to USPS's original motion. The Union Defendants, on the other hand, filed a motion to dismiss Sullivan's amended complaint or, in the alternative, for summary judgment. Accordingly, all citations to the Union Defendants' motion are to this second motion.

Union, Burrus and Johnson (collectively "Union Defendants"), contend that (1) as a matter of law, Sullivan cannot pursue a breach of the duty of fair representation claim against individual defendants Burrus and Johnson; (2) Sullivan failed properly to effect service of process; and (3) Sullivan failed to exhaust his mandatory remedies under the collective bargaining agreement. Union Def.'s Mot. at 8–18. Each argument will be addressed in turn.

*1. Claims Against Individual Defendants Burrus and Johnson*

In his Amended Complaint, Sullivan names William Burrus and Patricia Johnson as defendants in their individual capacity. As these defendants are individual officers or agents of APWU or the Local Union, a breach of fair representation claim cannot be pursued against them. 39 U.S.C. § 1208(c); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) ("The national labor policy requires that we hold that when a union is liable for damages . . . its officers and members are not [individually] liable for these damages."). Therefore, the Union Defendants argue that Sullivan's claims against them in their individual capacity must be dismissed.

The Union Defendants are correct that Burrus and Johnson can not be sued in their individual capacity. Because Sullivan is a *pro se* litigant and allegations of a *pro se* complaint are held to "'less stringent standards than formal pleadings drafted by lawyers,'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the court shall construe Sullivan's Amended Complaint to state claims against APWU and the Local Union—the Union entities for which Burrus and Johnson are presidents—rather than dismiss any of Sullivan's claims on the grounds that Burrus and Johnson may not be sued in their individual capacity.

*2. Insufficient Service of Process*

The Union Defendants argue that, even if Sullivan's complaint is construed to state a claim against APWU and the Local Union, dismissal is nonetheless appropriate for a number of reasons. First, the Union Defendants aver that Sullivan failed properly to serve either of them. Union Def.'s Mot. at 11–14. APWU notes that, on or about April 27, 2005, it received a package sent by Certified Mail addressed to William Burrus. The package contained the complaint filed by Sullivan and a summons addressed to "U.S. Attorney," rather than to APWU or any of its officers or agents. *Id.*, Ex. 3, ¶ 5.[4] Soon thereafter, the Local Union also received a package containing a copy of Sullivan's complaint and a summons was addressed to "William Burrus, President, American Postal Workers Union." *Id.*, Ex. 1, ¶ 5. Burrus is not an officer, member, or agent of the Local Union. Moreover, the national and local affiliates of a union are not the same organization, *Wentz v. Int'l Bhd. of Elec. Workers*, 578 F.2d 1271, 1272 (8th Cir 1978), and service of process on one does not effect service of process on the other. *Gray v. Int'l Ass'n of Heat & Frost Insulators Asbestos Workers*, 416 F.2d 313, 316 (6th Cir. 1969); *Morgan Drive Away, Inc. v. Int'l Bhd. of Teamsters*, 268 F.2d 871, 877 (7th Cir. 1959).

Because it appears that Sullivan may have placed the wrong summonses in the envelopes sent to each of the defendants, Sullivan's service fails to meet the requirements of Rule 4(a) of the Federal Rules of Civil Procedure. Therefore, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the court would be justified were it to dismiss Sullivan's complaint without prejudice. For a number of reasons, however, the court chooses not to do so. First, beyond subjecting *pro se* litigants to less stringent pleading standards, this circuit also affords *pro se*

---

[4] APWU is not affiliated with the United States Attorney's Office.

plaintiffs latitude with regard to service issues. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Second, the Union Defendants do not seem to have been prejudiced by Sullivan's defective service; both defendants appear to have had adequate notice of Sullivan's law suit, as evidenced by the fact that both filed an Answer and a Motion to Dismiss. *See Boatman v. Thomas,* 320 F. Supp. 1079 (M.D. Pa. 1971) ("Defendant, regardless of the misnomer, was certainly put on notice that a lawsuit had been instituted against him."). For these reasons, the court would be inclined to exercise its authority, pursuant to Federal Rule of Civil Procedure 4(m), to permit Sullivan additional time to perfect service. However, because there is an alternative grounds for dismissal, discussed below, the court need not exercise such discretion.

   3. *Failure to Exhaust*

The Union Defendants also argue that the court does not have jurisdiction over Sullivan's duty of fair representation claim because Sullivan failed to exhaust the grievance arbitration procedures under the collective bargaining agreement.[5] The Union Defendants are correct. Before instituting a suit under either Section 301(a) of the Labor Management Relations Act, or

---

[5] The Union Defendants seek dismissal for failure to exhaust pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion to dismiss under Fed. R. Civ. P. 12(b)(1) should not be granted "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court should construe the plaintiff's complaint liberally, giving him the benefit of all favorable inferences that can be drawn from the alleged facts. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Nonetheless, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Additionally, a court may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Section 1208(b) of the Postal Reorganization Act,[6] a plaintiff is required to exhaust any grievance procedure provided for in the pertinent collective bargaining agreement. *Clayton v. Int'l Union*, 451 U.S. 679, 681 (1981) ("An employee seeking a remedy for an alleged breach of the collective-bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer") (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53 (1965)); *LeBoutillier v. Air Line Pilots Ass'n Int'l*, 778 F.2d 883, 884 (D.C. Cir. 1985); *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction.").

Here, Sullivan has not exhausted the grievance procedures for either of the two claims asserted against the Union Defendants in his Amended Complaint. The first claim—that the Union Defendants failed to grieve USPS's practice of allowing Motor Vehicle Operators to transport registered mail—was to be heard by an arbitrator last Fall. *See* Union Def.'s Mot., Ex. 2, ¶ 9.[7]  Because the parties have not informed the court that the arbitrator has issued a decision

---

[6] Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), gives federal district courts jurisdiction over suits for violations of labor agreements between USPS and labor unions. Section 1208(b) is virtually identical to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), an act that amended the National Labor Relations Act. For this reason, courts have applied cases interpreting Section 301(a) when determining the scope of Section 1208(b). *See, e.g.*, *U.S. Postal Servs. v. Nat'l Ass'n Letter Carriers*, 959 F.2d 283, 286 (D.C. Cir. 1992).

[7] The Local Union originally filed a grievance regarding this issue on behalf of D.C. Motor Vehicle Operators in February 2002. USPS has repeatedly denied this grievance and the Local Union has appealed to the final stage of the grievance procedures—arbitration. Union Def.'s Mot., Ex. 2, ¶¶ 6–9.

in this matter, the court assumes that the decision is still pending. Until the arbitration is final and the procedures set forth in the collective bargaining agreement are completed, this claim is premature and must be dismissed for failure to exhaust administrative remedies.

Sullivan's second claim against the Union Defendants—that they breached their duty of fair representation by failing to challenge Sullivan's Emergency Placement—is also premature. Sullivan neither alleges that he requested that the Local Union process a grievance concerning his Emergency Placement nor that he initiated a grievance on his own behalf. *See Mechmet v. Four Seasons Hotel, Ltd.*, 825 F.2d 1173, 1178 (7th Cir. 1987) ("[I]f a worker doesn't even ask his union to press a grievance for him he can hardly complain that it has failed to represent him."). Accordingly, the court does not yet have subject matter jurisdiction over Sullivan's claims against the Union Defendants and, therefore, those claims must be dismissed without prejudice.

**B. USPS's Motion to Dismiss, or, in the Alternative, for Summary Judgment**

USPS likewise moves the court to dismiss Sullivan's Amended Complaint on the grounds that the court lacks jurisdiction because Sullivan has failed to exhaust the grievance procedures contained in the collective bargaining agreement entered into between USPS and APWU.[8] As

---

[8] USPS also moves for dismissal with prejudice on the grounds that Sullivan's claims are barred by the doctrine of res judicata, under which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is precluded as res judicata if the following elements are present: "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Polsby v. Thompson*, 201 F. Supp. 2d 45, 48 (D.D.C. 2002).

USPS insists that Sullivan's claims are precluded by three actions previously litigated by Linwood McCreary, a co-worker of Sullivan's: *McCreary v. Potter*, Civil No. 01-1451; *McCreary v. Potter*, Civil No. 02-1986; *McCreary v. Heath*, Civil No. 04-623. The court disagrees, primarily because Sullivan was not a party to these previous actions. *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1409 (D.C. Cir. 1985)

above, USPS's argument has merit.  Sullivan's claims against USPS, like Sullivan's claims against the Union Defendants, are currently pending in the grievance arbitration process.  Just as Sullivan is required to exhaust this process prior to instituting a lawsuit against the Union Defendants, so too must he exhaust this process prior to instituting a lawsuit against his employer, USPS.  *Republic Steel*, 379 U.S. 650 at 652–53; *LeBoutillier*, 778 F.2d at 884.  Moreover, because a showing of breach of the union's duty of fair representation is an "indispensable predicate" to a suit against an employer in cases like these, *Gwin v. Nat'l Marine Eng'rs Beneficial Ass'n*, 996 F. Supp. 4, 7 (D.D.C. 1997) (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981)), dismissal of Sullivan's claims against the Union Defendants requires dismissal of his claims against USPS as well.  Accordingly, Sullivan's claims against USPS are premature and must be dismissed.

## C. Sullivan's Motions

Also before the court are a number of motions filed by Sullivan, which the court will

---

("Persons who are not parties to an action ordinarily are not bound by the judgment in the action.").
   Moreover, the court declines to accept USPS's suggestion that Sullivan's claims are nonetheless precluded because "Sullivan and McCreary are in privity with one another under the doctrine of 'virtual representation.'" USPS's Mot. at 13.  As a preliminary matter, the viability of the "virtual representation" doctrine is far from certain.  *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 31–32 (D.D.C. 2001).  However, the court need not decide whether the "virtual representation" doctrine is viable because, assuming its viability, USPS has failed to establish that the facts of this case merit application of that doctrine.  Specifically, USPS has failed to show that the "special factors" relevant to such a determination—"substantial elements of participation in the first litigation, apparent consent to be bound, apparent tactical maneuvering, or close relationships between the parties," *Boorstin*, 751 F.2d at 1411 (quoting 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4457 498–99 (2d ed. 1981))—weigh in favor of a finding that Sullivan's claims are precluded.

address in turn. First, on July 18, 2005, Sullivan filed a motion for summary judgment.[9] As the court has already noted, because Sullivan has failed to exhaust his arbitral remedies, his claims against USPS and the Union Defendants are premature. Such a holding necessarily precludes the court from entering summary judgment in Sullivan's favor. As such, Sullivan's motion for summary judgment must be denied.

Next, on August 30, 2005, Sullivan filed a motion for default or, in the alternative, for summary judgment. Sullivan based his motion for default on defendants alleged "intentional[] fail[ure] to sign motions, opposition and other papers present to court." Pl.'s Mot. for Default, at 3. Essentially, Sullivan argues that, because defendants' submissions did not contain an actual signature, they must be struck by the court. This argument is frivolous. Local Civil Rule 5.4(b)(4) clearly states that the electronic filing of a document by the attorney of record "serves as the signature of the person to whom the password is assigned for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this court." Therefore, Sullivan's contention that the rules require defendants to actually sign their submissions is wholly without merit. Sullivan's alternative motion for summary judgment must be denied for the same reasons the court denies Sullivan's July 18, 2005 motion for summary judgment.

Finally, Sullivan moves the court to correct its records to reflect Sullivan's new address and to show that the Union Defendants have not been inadvertently dropped from this case. Because the court's records already reflect Sullivan's correct address and show that the Union Defendants are still parties to this matter, the court denies this motion as moot.

---

[9] That same submission also moved for a trial by jury. The court struck that portion of the motion on March 5, 2006.

### III. CONCLUSION

For the foregoing reasons, it is this 28th day of March, 2006, hereby

**ORDERED** that defendants William Burrus's and Patricia Johnson's motion to dismiss or, in the alternative, for summary judgment [#6, #7] is **DENIED** as moot in light of their later-filed motion to dismiss plaintiff's amended complaint; and it is further

**ORDERED** that defendants William Burrus's and Patricia Johnson's motion to dismiss Sullivan's Amended Complaint or, in the alternative, for summary judgment [#33, #34] is **GRANTED**; and it is further

**ORDERED** that defendant John Potter's motion to dismiss or, in the alternative, for summary judgment [#17] is **DENIED** as moot in light of his later-filed renewed motion; and it is further

**ORDERED** that defendant John Potter's renewed motion to dismiss or, in the alternative, for summary judgment [#32] is **GRANTED**; and it is further

**ORDERED** that plaintiff's motion for summary judgment [#11] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for judgment by default or, in the alternative, for summary judgment [#25] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for the court to correct its records is **DENIED** as moot.

Henry H. Kennedy, Jr.
United States District Judge